UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
--------
Southern Division

MUSTAFA DOGAN DAIRY
CONSULTING, LLC,

        Plaintiff,

-vs-

LA COLOMBE TORREFACTION, INC.,

        Defendant,

_____/

Case No. 1:17-cv-00277
Hon. Paul L. Maloney

Michael P. Risko (P45817)
Risko Law Office, P.C.
Attorney for Plaintiff
250 Washington Avenue
Grand Haven, MI  49417
(616) 847-1400
risko@lakemichiganlaw.com

Jared D. Bayer
Cozen O'Connor
Attorney for Defendant
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Phone: (215) 665-4127
jbayer@cozen.com

Derek D. McLeod (P76229)
Jaffe Raitt Heuer & Weiss, P.C.
Attorney for Defendant
27777 Franklin Road, Ste 2500
Southfield, MI 48034
(248) 351-3000
dmcleod@jaffelaw.com

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH TRIAL SUBPOENAS

### ORAL ARGUMENT REQUESTED

# **TABLE OF CONTENTS**

Index of Authorities ................................................................................................. ii

I.     Concise Statement of Issues Presented  ..........................................................1

II.    Controlling Authority – Applicable Federal Rules of Procedure.............................1

III.   Statement of Facts .............................................................................................1

V.    Law and Argument...............................................................................................2

VI.   Conclusion ..........................................................................................................4

## INDEX OF AUTHORITIES

**CASES**                                                                                          **PAGES**

*Alderman v Chrysler Corp.,* 480 F Supp. 600, 604 (E.D.Va.1979)...................................3

*Halawani v Wolfenberger,* 2008 US Dist. LEXIS 100482, 2008

      WL 518813, at 4 (ED Mich Dec. 10, 2008)..........................................................2

*Haroco v American Nat'l Bank & Trust of Chicago,*

      38 F.3d 1429, 1442 (7th Cir.1994) ......................................................................3

*Hodge v Seiler,* 558 F 2d 284, 287 (5th Cir.1977) ..........................................................3

*Kemart Corp. v Printing Arts Research Laboratories, Inc.,*

      *232 F.2d 897 (9th Circ 1956).* ...........................................................................3

*Morrison v Alleluia Cushion Co.,* 73 F.R.D. 70, 71 (N.D.Miss.1976)................................3

*Modick v Carvel Stores of New York, Inc.,* 209 F.Supp. 361, 365 (S.D.N.Y.1962) ..........3

*Mullane v Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed.

      865 (1950)............................................................................................................4

*Nithyananda Dhanapeetam of Colombus v Rao,* 2016 Dist. LEXIS 55227, 2016 WL

      1637559, at 3 (ED Mich April 26, 2016) .............................................................2

*OceanFirst,* 794 F Supp 2d at 754 (citations omitted)......................................................5

*OceanFirst Bank v Hartford Fire Ins. Co,* 794 F Supp 2d 752, 754 (ED Mich 2011)........2

Wright, Miller & Kane, *supra,* at 376 n. 11 .......................................................................2

**STATUTES**                                                                                       **PAGES**

28 USC 1821 .....................................................................................................................3

42 U.S.C. § 2 ....................................................................................................................4

## RULES                                                           **PAGES**

Fed R Civ P 45(d)(3)....................................................................................1

Fed. R. Civ. P. 45 .......................................................................................1

Fed R Civ P 45(d)(1)....................................................................................3

MCR 2.506(G)(4) .........................................................................................2

MCR 2.107(C)...............................................................................................2

MCR 2.107(B)(1) ..........................................................................................2

MCR 2.107.....................................................................................................2

## CONCISE STATEMENT OF ISSUES PRESENTED

Whether this Court should enter an order (1) quashing the trial subpoenas issued to three of Defendant's officers, and (2) granting Defendant sanctions pursuant to Fed R Civ P 45(d)(3) for the undue burden incurred by Defendant's officers in complying with the subpoenas.

## CONTROLLING AUTHORITY - APPLICABLE FEDERAL RULES OF PROCEDURE

Fed. R. Civ. P. 45

## STATEMENT OF FACTS

This lawsuit is Plaintiff's effort to collect the $500,000 that was promised to him by Defendant in exchange for the highly specialized services of Plaintiff's principal, Mustafa Dogan, in transitioning a West Michigan facility (previously owned by a Greek yogurt company operated by Mr. Dogan) to produce Defendant's latte coffee product. There is no dispute that Plaintiff was promised the $500,000 in compensation; Defendant's refusal to pay is based upon its CEO's position that the majority of the $500,000 should come from equity received by Mr. Dogan from the sale of the facility.

The three individuals that are subject to the subpoenas, JP Iberti, Charles Chupein and Martin Mack are the company president, Chief Operating Officer and Controller/Director of Finance, respectively. Mr. Iberti is also an owner of Defendant.

Defendant both purchased the West Michigan facility and contracted with Plaintiff to transition the facility in the spring of 2016. Both Mr. Iberti and Mr. Chupein have testified that they have traveled to Defendant's West Michigan facility. Both have also been present in West Michigan to participate in this litigation. Mr. Chupein has been present on multiple occasions, including as recently as June 6, 2018.

1

The subpoenas at issue in the present motion were, indeed, served by first class mail which was sent by counsel for Plaintiff to counsel for Defendant.  Plaintiff has not prepaid any witness fees to these personally involved corporate officers.

## LAW AND ARGUMENT

**The Subpoenas Were Properly Served**

This is a diversity action that originated in the Muskegon Circuit Court for the State of Michigan. MCR 2.506(G)(4) specifically provides that a subpoena to attend directed to a party's officer, director or manager may be served in the manner provided by MCR 2.107. MCR 2.107(B)(1) specifically provides that service shall be made upon the attorney representing the party. MCR 2.107(C) provides that first-class mail constitutes appropriate service.  Therefore, applying the local prevailing process for serving a party's officers, Plaintiff has accomplished proper service of the subpoenas.

Local state policy has been followed in recent federal court decisions from this circuit. Judges in the Michigan districts have repeatedly held that rule 45 does not require personal service. See, e.g., *OceanFirst Bank v Hartford Fire Ins. Co,* 794 F Supp 2d 752, 754 (ED Mich 2011); *Nithyananda Dhanapeetam of Colombus v Rao,* 2016 Dist. LEXIS 55227, 2016 WL 1637559, at 3 (ED Mich April 26, 2016); *Halawani v Wolfenberger,* 2008 US Dist. LEXIS 100482, 2008 WL 518813, at 4 (ED Mich Dec. 10, 2008).  Mailing by first class mail generally will suffice. *OceanFirst,* 794 F Supp 2d at 754 (citations omitted).

**Payment of Witness Fees is not Required For Defendant's Officers/Managers**

MCR 2.506(G)(4) specifically provides that, when the subpoena orders the attendance of an officer, director or manager of a party, "fees and mileage need not be paid." The local state policy complies with federal policy in this regard.

2

As a general rule, parties may not normally collect witness fees. *See Hodge v Seiler,* 558 F 2d 284, 287 (5th Cir.1977); C. Wright, A. Miller & M. Kane, 10 Federal Practice and Procedure Civil 2d § 2678, at 376 (1983 & Supp.1992). See *also Haroco v American Nat'l Bank & Trust of Chicago,* 38 F.3d 1429, 1442 (7th Cir.1994).   This prohibition has been held to extend to real parties in interest. *Morrison v  Alleluia Cushion Co.,* 73 F.R.D. 70, 71 (N.D.Miss.1976); *Modick v Carvel Stores of New York, Inc.,* 209 F.Supp. 361, 365 (S.D.N.Y.1962); Wright, Miller & Kane, *supra,* at 376 n. 11. Beneficiaries to an estate are generally deemed to be the real parties in interest in litigation affecting that estate. *See, e.g., Alderman v Chrysler Corp.,* 480 F Supp. 600, 604 (E.D.Va.1979). Although the officers subpoenaed in this action are not actual parties to the lawsuit, as the officers (and in the case of Mr. Iberti as an owner) of Defendant, they have a vested interest in the litigation and therefore are "real parties."

Furthermore, there is no requirement in the statute that provides for payment of witness fees (28 USC 1821) that the witness fees be prepaid, particularly in the case where the "witness" is an officer of a party. Clearly, Plaintiff has no ability to determine the amount that would be appropriate, including travel costs. If Defendant prevails at trial, it can request reimbursement for these costs as is typically done. See, *e.g.,  Kemart Corp. v Printing Arts Research Laboratories, Inc.,* 232 F.2d 897 (9th Circ 1956).

**Defendant Is Not Entitled to Sanctions**

Defendant makes a baseless request for costs and attorney's fees based upon Fed R Civ P 45(d)(1).  As a preliminary matter, this provision of the court rule protects the "person subject to the subpoena" from "undue burden," not a party.  None of the three individuals that are subject to the subpoenas has complied with the subpoenas and appeared at trial. None of the three have incurred any undue burden or expense.

3

Defendant's incurrence of attorney fees related to preparing and filing this motion does not constitute an "undue burden" or expense incurred by any of the three individuals identified in the subpoenas. Defendant's request must therefore be denied.

## CONCLUSION

The means of service of a subpoena should be accomplished in a manner that is "reasonably calculated to achieve actual delivery." *Mullane v Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950).  Defendant does not dispute that the subpoenas were received. Pursuant to local rules and policies, service of Defendant's officers and manager by mail, upon counsel for Defendant, is proper.

Because the three individuals that are subject to the subpoena are officers or managers of Defendant, no witness fee for mileage is required pursuant to local practice and policy. Therefore, service was proper.

For these reasons, Plaintiff respectfully requests that Defendants' present motion be denied in its entirety.


Respectfully submitted,

Dated: July 19, 2018              Risko Law Office, P.C.

By:   /s/ MPR
          Michael P. Risko (P45817)
          Risko Law Office, P.C.
          Attorney for Plaintiff
          250 Washington Avenue
          Grand Haven, MI 49417
          (616) 847-1400

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney, Michael P. Risko, hereby certifies that on July 19, 2016, the foregoing document, Plaintiff's Brief in Opposition to Defendant's Motion to Quash Subpoenas has been filed via the court's ECF resulting in notice/service of this instrument upon counsel of record.

Respectfully submitted,

Risko Law Office, P.C.

By:   /s/ MPR
 Michael P. Risko (P45817)
 Risko Law Office, P.C.
 Attorney for Plaintiff
 250 Washington Avenue
 Grand Haven, MI 49417
 (616) 847-1400